Jesse **BUSSELL** by next friend Mary **BUSSELL** and Mary Bussell, Individually, Appellants,

v.

**TRI–COUNTIES HUMANE SOCIETY,** Kennet McGuire, Delia McGuire, Delores Tinsley, Zane Scott and Mary Scott, Respondents.

No. ED 83646.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Lee Reneau Elliott, Troy, MO, for Appellants.

James C. Leritz, Leritz, Plunkert & Bruning law firm, St. Louis, MO, for Tri–County.

Gregg A. Kinney, St. Louis, MO, for Kennett & Delia McGuire.

Reginald P. Bodeux, Charles, MO, Niedner, Bodeux, Carmichael, Huff & Pashos, LLP, St. Charles, MO, for Delores Tinsley.

Brent Joseph Burtin, St. Louis, MO, for Zane & Mary Scott.

SHERRI B. SULLIVAN, Chief Judge.

Jesse and Mary Bussell (Plaintiffs) appeal from a summary judgment entered in favor of Tri–Counties Humane Society (Defendant) in this dog bite case. Because we find Plaintiffs' appeal to this Court is untimely, we dismiss the appeal for lack of jurisdiction.

Plaintiffs brought suit against multiple defendants for negligence after a dog belonging to Kennet and Delia McGuire allegedly bit the minor Jesse Bussell. On June 6, 2000, the trial court entered a partial summary judgment in favor of Delores Tinsley and Zane and Mary Scott. On May 7, 2002, the trial court granted Defendant's motion for summary judgment as well. Plaintiffs ultimately settled their case with the McGuires and dismissed them from the case on September 5, 2003. Plaintiffs then appealed the prior entry of summary judgment in Defendant's favor. In response, Defendant has filed a motion to dismiss the appeal as untimely. Plaintiffs have not filed a reply to Defendant's motion to dismiss.

When Plaintiffs dismissed their case against the McGuires, all issues and parties in the case were resolved. As a result, the trial court's judgment in favor of Defendant became final thirty days later because no after-trial motions were filed. Rule 81.05(a).[1] Under Rule 81.04(a), Plaintiffs' notice of appeal was due ten days after the judgment became final. Here, the judgment became final thirty days from September 5, 2003, or Monday, October 6, 2003. Rule 81.05(a); Rule

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

44.01(a). Therefore, the notice of appeal was due on October 16, 2003. Rule 81.04(a).

Plaintiffs' attorney faxed a notice of appeal to the clerk's office on October 16, 2003. The "original" notice of appeal, along with the required docket fee of $50, arrived on October 17, 2003. Seven days later, on October 24, 2003, Plaintiffs paid an additional $20 required by Section 488.031, 2003 Mo. SB 447. Defendant argues that Plaintiffs' notice of appeal was not valid until October 17, 2003 and as a result, was untimely. We agree.

■■■■■ Rule 81.04(c) requires a docket fee to be paid to the trial court clerk when the notice of appeal is filed. Unless the docket fee is paid, the trial court clerk should not accept the notice of appeal. Rule 81.04(c).[2] Where a party has not timely paid the docket fee with his or her notice of appeal, there is no valid notice of appeal. *Moore ex rel. Moore v. Bi–State Dev. Agency*, 87 S.W.3d 279, 296 (Mo.App. E.D.2002); *see also Kattering v. Franz*, 360 Mo. 854, 231 S.W.2d 148, 150 (1950). Therefore, at the earliest, Plaintiffs filed a valid notice of appeal on October 17, 2003, one day out of time. Our jurisdiction depends upon the timely filing of a notice of appeal and without it, this Court can only dismiss the appeal. *Moore,* 87 S.W.3d at 296.

In addition, Plaintiffs did not file the additional $20 required by Section 488.031 until seven days later. We need not decide whether the filing of this surcharge is also a jurisdictional requirement, because Plaintiffs failed to file the $50 docket fee in a timely fashion.

**2.** Rule 81.04(c) provides two exceptions to payment of the docket fee, but neither of these

We grant Defendant's motion to dismiss and dismiss Plaintiffs' appeal for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

exceptions applies here.