Edward LIKE, by and Through His Next Friend, Addie LIKE, Appellant,

v.

Brian GLAZE, Respondent.

No. ED 83082.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 2004.

## I. BACKGROUND

Like was walking in front of Glaze's property when a dog broke free of the chain that was keeping it in Glaze's backyard. The dog—an 85 to 100 pound Akita—chased Like and bit him on his leg and arm. Glaze had been caring for the dog at the owner's request for approximately four months before the attack. This attack was the first time Glaze knew of the dog acting aggressively. Glaze described the dog as a good watchdog and stated that the dog was approachable by Glaze, his family, or anyone accompanied by Glaze or his family. If approached by an unaccompanied stranger, however, the dog would bark and jump up.

Like filed suit against Glaze, asserting claims based on common-law negligence and negligence *per se.* The trial court granted Glaze's motion for summary judgment on both counts, finding that there was no genuine issue of material fact and that Glaze was entitled to judgment as a matter of law. As to common-law negligence, the court found that there was no evidence before the attack that the dog posed a danger to others if not confined to Glaze's premises. Like only appeals the judgment on the common-law negligence claim.

Brian McChesney, St. Louis, MO, for appellant.

William Lampros, St. Louis, MO, for respondent.

### OPINION

GLENN A. NORTON, Presiding Judge.

Edward Like appeals the trial court's grant of summary judgment in favor of Brian Glaze. We affirm.

## II. DISCUSSION

The propriety of summary judgment is a question law, and therefore, our review is *de novo. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for determining the propriety of summary judgment on appeal are no different than those used at the trial level. *Id.* Although we view the record and construe all inferences favorably to the nonmovant, facts set forth in support of the

summary judgment motion are taken as true unless contradicted by the non-movant's response. *Id.* at 376, 382–83.

■ A defendant may establish a right to judgment by showing (1) facts that negate any one of the elements of the plaintiff's claim, (2) that the plaintiff cannot produce evidence sufficient to allow the trier of fact to find the existence of any one of the plaintiff's elements, or (3) "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the [defendant's] properly-pleaded affirmative defense." *Id.* at 381 (emphasis in original). Once the defendant has met this burden, the plaintiff must show by reference to the record that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* A "genuine issue" exists where the record contains competent materials that demonstrate "two plausible, but contradictory, accounts of the essential facts." *Id.* at 382.

■ One who possesses a dog that he does not know or have reason to know to be abnormally dangerous is subject to liability from harm caused by that dog only if he is negligent in failing to prevent that harm. *See generally Duren v. Kunkel,* 814 S.W.2d 935, 938–39 (Mo. banc 1991); RESTATEMENT (SECOND) OF TORTS § 518(b) (1981). Unless forbidden by statute, certain animals, such as dogs, are permitted to run at large. *See* RESTATEMENT (SECOND) OF TORTS at § 518 cmt. j. There may be circumstances, however, where it would be negligent to allow a dog to run at large. *Id.* at cmt. k. In these cases, there may be liability for negligence upon the same basis as in other negligence cases. *Id.* Therefore, to succeed on his negligence claim, Like must satisfy the elements of a negligence cause of action: (1) the existence of a duty on the part of Glaze to protect Like from injury, (2) breach of that duty and (3)

proximate cause. *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center, Co.,* 75 S.W.3d 247, 257 (Mo. banc 2002).

■ Whether a duty exists is a question of law. *Id.* Foreseeability is the touchstone for the creation of a duty. *Id.* A duty is established when a defendant is shown to have actual or constructive knowledge that there is some probability of injury sufficiently serious that an ordinary person would take precautions to avoid it. *Pierce v. Platte–Clay Electric Co-op., Inc.,* 769 S.W.2d 769, 776 (Mo. banc 1989). Glaze had a duty here if he knew or should have known that the dog could cause harm to others if it were allowed to run at large. Here, although the dog would bark and jump up when approached by a stranger, there is no genuine dispute that it had never bitten, attacked, or harmed anyone. Like has not produced any evidence tending to show that it was foreseeable that the dog could cause harm if it were allowed to run at large.

Like's reliance on *Wilson v. Simmons* is misplaced. 103 S.W.3d 211 (Mo.App. W.D. 2003). In that case, the court reversed summary judgment on a premises liability claim because the trial court mistakenly held that the plaintiff was required to prove that the defendant knew or should have known of the dog's abnormally dangerous propensities. *Id.* at 216. This is not a premises liability case. Moreover, the dog in *Wilson* had bit and nipped at a child on several occasions before it bit the plaintiff, whereas here there was no such evidence. *Id.* at 215. Likewise, cases involving substances, such as fumes and water, that are harmless to others so long as they are confined to the defendant's own property, but which the defendant *knows* to be mischievous if they get on his neighbor's property are equally inapplicable. *See Behle v. Shell Pipe Line Corp.,* 223 Mo.App. 401, 17 S.W.2d 656, 657 (1929)

(citing *Rylands v. Fletcher*, 1 L.R.-Ex. 265, 1866 WL 8245 (1866)). Glaze had no reason to know the dog would cause harm if not confined.

There is no genuine dispute as to the facts showing that the attack on Like was unforeseeable. Thus, Glaze had no duty to restrain the dog, and summary judgment was proper.

Point denied.

## III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.