**William Steven SAVORY and Cynthia Savory, Plaintiffs/Respondents,**

v.

**Ronald HENSICK, Defendant/Appellant,**

and

**Carol Davis, Defendant.**

**No. ED 83782.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 14, 2004.

---

Randall D. Sherman, Wegmann, Gasaway, Stewart, Dieffenbach, Tesreau & Sherman, P.C., Hillsboro, MO, for appellant.

Michael H. Izsak, Klar, Izsak & Stenger, L.L.C., Clayton, MO, for respondents.

KATHIANNE KNAUP CRANE, Judge.

Plaintiffs, an injured contractor and his wife, filed this premises liability action against the defendant homeowners to recover damages plaintiffs suffered when the contractor, who was descending a ladder while working on the homeowners' premises, stepped on the homeowners' dog at the base of the ladder, and fell, injuring himself. The trial court entered judgment in accord with the jury's verdict in plaintiffs' favor against one of the homeowners, who appeals. We affirm.

On February 24, 1998, plaintiff, William Savory, contracted with defendants, Ronald Hensick and Carol Davis, to build a deck on their home in Arnold, Missouri. Mr. Hensick and Ms. Davis owned two dogs, an older, ninety-pound Labrador and a fifty-to-sixty-pound nine-month old Labrador, who, they knew, were extremely playful and rambunctious, and tended to interfere with and get in the way of guests on their property. Generally, they kept the dogs outside during the day in their fenced yard. Upon Mr. Savory's request, Mr. Hensick and Ms. Davis agreed to keep the dogs inside the home, or tied up, while he and his work crew were present. Mr. Hensick and Ms. Davis testified that they agreed to keep the dogs inside because the dogs were so playful with guests, and they were concerned that the dogs would get in the workmen's way and cause plaintiff and his crew to get hurt. Mr. Hensick compared the risk that the dogs would interfere with plaintiff and his crew to "having a baby crawl between your feet while you're trying to do some plumbing in the sink." After the contract was signed, Mr. Hensick and Ms. Davis requested that a five-to-six-foot gate be installed at the bottom of the deck to protect their guests on the deck from the dogs.

On the first day of work, Mr. Savory and his crew complained that the dogs were in the way, and requested that the dogs be brought inside. On seven of the eight days Mr. Savory and his crew were on the site, they had problems with the dogs coming out of the house. In particular, the younger dog was underfoot all of the time, and the work crew did not want to stumble over it. Mr. Savory's father worked on the job and frequently asked Mr. Hensick and Ms. Davis to take the dogs inside the home during the project, because the dogs would come up around his legs and lean on him and get in the way of his work. Charles Brown, another carpenter on the job, said the younger dog chewed on his tools and kept pulling his hat off of his head. He also asked Mr. Hensick and Ms. Davis directly, or through Mr. Savory, to bring the dogs inside. Mr. Hensick and Ms. Davis watched the construction and were aware that Mr. Savory and his crew were using a ladder and tools.

On the final day of work, Mr. Savory was the last workman on site. Mr. Hensick was home, but Ms. Davis was not. As Mr. Savory began to clean up and load his car, Mr. Hensick said he had to run to the store and would be right back. He did not tell Mr. Savory that the dogs were in the backyard. Mr. Savory went back to the backyard and climbed a ladder to retrieve his tools from the deck, which was six to eight feet above ground. He did not hear or see the dogs. As he stepped down from the ladder, he stepped on one of the dog's paws and heard a loud yelp. Mr. Savory was startled, the paw moved, and Mr. Savory lost his balance, twisted, and fell to the ground on his hip. He suffered injuries that resulted in two back surgeries.

Subsequently, Mr. Savory and Cynthia Savory, his wife, (hereinafter, collectively, "plaintiffs") filed a petition against Mr. Hensick and Ms. Davis in which Mr. Savory sought damages for his injuries on a premises liability theory. Mrs. Savory sought damages for loss of consortium. After a trial, the jury returned a verdict finding no liability on the part of Ms. Davis. The jury allocated eighty percent fault to Mr. Hensick and twenty percent fault to Mr. Savory on his personal injury claim. The jury found Mr. Savory's damages to be $200,000, and Mrs. Savory's damages to be $50,000. The court entered judgment in accord with the verdict in Mr. Savory's favor in the amount of $160,000 and in Mrs. Savory's favor in the amount of $40,000. Mr. Hensick (hereinafter "defendant") appeals.[1]

## DISCUSSION

In his sole point on appeal, defendant asserts that the trial court erred in denying the motions for directed verdict and judgment notwithstanding the verdict because plaintiffs failed to prove that defendant owed a duty to plaintiff or was otherwise negligent, or that defendant's conduct caused or contributed to plaintiffs' damage.

The same standard of review governs the denial of a motion for directed verdict and the denial of a motion for judgment notwithstanding the verdict. *Giddens v. Kansas City Southern Ry. Co.*, 29 S.W.3d 813, 818 (Mo. banc 2000). The primary question is whether the plaintiff made a submissible case. *Erdman v. Condaire, Inc.*, 97 S.W.3d 85, 88 (Mo.App. 2002). To make a submissible case, a plaintiff must offer legal and substantial evidence for every fact essential to liability. *Giddens*, 29 S.W.3d at 818. Substantial evidence is evidence that has probative force on the issues, from which the trier of fact can reasonably decide the case. *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App. 1997) (quoting *Hurlock v. Park Lane Medical Center, Inc.*, 709 S.W.2d 872, 880 (Mo. App.1985)). In determining the sufficiency of the evidence, we view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the prevailing party and disregard all evidence and inferences to the contrary. We will not overturn a jury verdict for insufficient evidence unless there is a complete absence of probative facts to support the jury's verdict. *Id.* Whether evidence in a case is substantial and whether the inferences drawn are reasonable are questions of law. *Id.* Review therefore is *de novo*.

Both parties agree that plaintiff was an invitee. The "duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe." *Smith v.*

---

**1.** Although the briefs and other papers filed in the appeal show Ms. Davis as an appellant, Ms. Davis did not file a notice of appeal and was not an aggrieved party.

*Wal–Mart Stores, Inc.*, 967 S.W.2d 198, 203 (Mo.App.1998) (quoting *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo.App.1996)). This "includes the duty to eliminate or warn of dangerous conditions of which the defendant knows or in the exercise of reasonable care should have known." *Duren v. Kunkel*, 814 S.W.2d 935, 938 (Mo. banc 1991). The applicable standard of care is a question of law for the courts; whether the landowner fell below that standard of care is a question of fact for the jury. *Smith*, 967 S.W.2d at 204.

This case was submitted to the jury on an instruction patterned on MAI 22.03 [1995 Revision]. It submitted liability if the jury believed:

> First, there was a dog allowed to run loose in the yard of defendant's home and as a result the yard was not reasonably safe, and

> Second, defendant knew or by using ordinary care could have known of this condition, and

> Third, defendant failed to use ordinary care to remove the dog from the yard, restrain it, or warn the plaintiff of it, and

> Fourth, such negligence directly caused or directly contributed to cause damage to plaintiff.

Defendant first argues that there was insufficient evidence that the dogs had any "normally dangerous propensities" if allowed to run freely in the yard, because they were friendly, gentle dogs that had never previously harmed anyone and, in particular, had never previously caused a problem with ladders. Defendant concludes that, as a result, the dogs' dangerous propensities were not foreseeable, and he had no duty to warn or to prevent injury.

 A claim in ordinary negligence may be asserted to recover for harm caused by domestic animals that are not abnormally dangerous. *Duren v. Kunkel*, 814 S.W.2d 935 (Mo. banc 1991). A landowner who owns or possesses a domestic animal "may be found to have actual or constructive knowledge of the animal's normally dangerous propensities and be required to take reasonable steps to prevent foreseeable harm to invitees." *Id.* at 939. In a premises liability case, the possessor is subject to liability to an invitee, "if the dog presents a foreseeable danger to the invitee of which the possessor knows or should have known." *Wilson ex rel. Wilson v. Simmons*, 103 S.W.3d 211, 219 (Mo.App.2003).

Missouri law is consistent with RESTATEMENT (SECOND) OF TORTS Section 518 (1977). *Duren*, 814 S.W.2d at 938–39. That section, entitled "Liability for Harm Done by Domestic Animals That Are Not Abnormally Dangerous," provides:

> Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if . . .

> (b) he is negligent in failing to prevent the harm.

 "The amount of care that the keeper of a domestic animal is required to exercise is commensurate with the character of the animal." RESTATEMENT (SECOND) OF TORTS Section 518, cmt. f.

An owner of an animal may be negligent if the owner fails to exercise reasonable care in controlling the animal, in a situation where it would reasonably be expected that the injury could occur, and the injury does proximately result from the negligence. The amount of control required is that which would be exercised by a reasonable person based upon

the total situation at the time, including the past behavior of the animal, and the injuries that could have been reasonably foreseen.

3B C.J.S. Animals section 327 (2003). As a result, negligence may be predicated on the characteristics of an animal that create a foreseeable risk of harm. *Duren*, 814 S.W.2d at 938–39. *See also Drake v. Dean*, 15 Cal.App.4th 915, 929–32, 19 Cal. Rptr.2d 325, 333–35 (1993); *Borns ex rel. Gannon v. Voss*, 70 P.3d 262, 268 (Wyo. 2003). "[A]n owner of a dog may be liable for injuries caused by the dog even if the animal is not vicious, if the plaintiff can prove that the owner's negligent handling of the animal caused the animal to injure the plaintiff." *Dunnings v. Castro*, 881 S.W.2d 559, 563 (Tex.App.-Houston [1st Dist.] 1994). "Even in the absence of any known viciousness in a domestic animal, its owner is obliged to exercise over it a certain degree of care depending upon the kind and character of the particular animal concerned, the circumstances in which it is placed, and the purposes for which it is employed or kept." 4 AM.JUR.2D *Animals* Section 102 (1995).

■■■■ Keepers of domestic animals that possess only those dangerous propensities that are normal to their class are required to know their normal habits and tendencies. RESTATEMENT (SECOND) OF TORTS Section 518, cmt. h. Those keepers are "required to realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and to exercise reasonable care to prevent foreseeable harm." *Id.* "The owner or keeper of a domestic animal is charged with knowledge of the natural propensities of animals of the particular class to which this animal belongs, and, if these propensi-

ties are of the kind that might cause injury he must exercise the care necessary to prevent such injuries as may be anticipated." 4 AM.JUR.2D *Animals* Section 102. Thus, in *Duren*, the landowner was charged with knowledge that bulls normally get more excited and dangerous in the presence of fresh blood. 814 S.W.2d at 938–39.

■■■■ In a premises liability case, in which a dog is the dangerous condition, there is no requirement that the dog have injured or startled in the past. *Garrett v. Overland Garage & Parts, Inc.*, 882 S.W.2d 188, 192 (Mo.App.1994). "All that the law requires to be shown in a negligence claim is that the injury could have been reasonably anticipated, and it is not necessary to have foreseen the particular injury which did happen, or the exact manner in which the injury occurred." 3B C.J.S. Animals Section 327 (2003). In *Garrett*, an invitee on commercial garage premises was injured when he slipped and fell after being startled by a Doberman on a chain that jumped out from behind a truck and growled at him. The invitee had not been warned of the animal's presence and did not know it was on a chain. We found that the existence of a concealed Doberman on the premises presented a foreseeable danger to an unwary invitee. *Garrett*, 882 S.W.2d at 192.

■■■ The issue is whether the animal's behavior creates a foreseeably dangerous situation for the invitee. The motivation for that behavior, whether viciousness or playfulness, is immaterial.[2] *Drake*, 15 Cal. App.4th at 931–32, 19 Cal.Rptr.2d 325; 4 AM.JUR.2D *Animals* Section 107 (1995).

The evidence was sufficient to submit this case to the jury on the question of

---

**2.** The same is true in strict liability cases. *See Dansker v. Gelb*, 352 S.W.2d 12, 16–17 (Mo. 1961).

whether the presence of the dogs made the yard foreseeably dangerous for plaintiff. There was substantial evidence that the characteristics of the dogs created a foreseeable risk of harm if they were loose while plaintiff and his crew were working on the premises. It was undisputed that the dogs were extremely playful and rambunctious around guests on the premises, including plaintiff and his crew. Specifically, when the dogs were in the backyard they were underfoot while plaintiff and his crew were constructing the deck, a job that involved the use of ladders and power tools. Prior to the accident, all parties recognized that, if the dogs were loose, they could get in the workmen's way and create an unsafe situation. This evidence not only shows a foreseeable risk of harm, but that the risk of injury was actually foreseen. The trial court did not err in denying the motions for directed verdict and motion for judgment notwithstanding the verdict on the ground that there was insufficient evidence that the dogs presented a foreseeable risk of harm to plaintiff while they were loose in the yard.

■ Defendant next argues that plaintiffs failed to adduce substantial evidence that defendant was the proximate cause of plaintiffs' damages because there was no evidence that the dog that injured Mr. Savory was one of the two dogs that belonged to defendant. Plaintiffs respond that this argument is not reviewable because this claim was never made in the trial court. We agree.

■ Even if such ownership must be shown, this argument is not preserved for review. This error was not specifically raised, either orally or in writing, in defendant's motions for directed verdict, as required by Rule 72.01(a), and therefore could not be a basis for the entry of a judgment notwithstanding the verdict on that issue or for obtaining appellate review of the denial of the judgment notwithstanding the verdict on that ground. *Hefele v. National Super Markets, Inc.*, 748 S.W.2d 800, 802 (Mo.App.1988). *See also Carter v. St. John's Regional Med. Center*, 88 S.W.3d 1, 11–12 (Mo.App.2002); *Daniels v. Board of Curators*, 51 S.W.3d 1, 5 (Mo.App.2001). Issues not included in the motions for directed verdict or in the motion for judgment notwithstanding the verdict are not preserved for review of the denial of these motions. *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 462 (Mo. banc 1998). Issues raised for the first time on appeal are not preserved for review. *Id.* Further, defendant never tendered an instruction that required the jury to decide ownership and never requested that the trial court include that issue as part of plaintiffs' verdict directing instruction. As a result, defendant waived any complaint that the evidence failed to establish that one of defendant's dogs caused the injury. *Stewart v. Reynolds*, 84 S.W.3d 569, 573 (Mo.App.2002).

The trial court did not err in denying the motions for directed verdict and the motion for judgment notwithstanding the verdict. Point one is denied.

The judgment of the trial court is affirmed.

PATRICIA L. COHEN, P.J. and ROBERT G. DOWD, JR., J. concur.