Marissa **MILES,** a minor by and through her Mother and Next Friend, Dana **MILES, Plaintiff,**

v.

**Linda Darlene RICH, Defendant/Third–Party Plaintiff/Appellant,**

v.

**Humane Society of Missouri d/b/a St. Louis Humane Society, Third–Party Defendant/Respondent.**

**No. ED 95112.**

Missouri Court of Appeals, Eastern District.

April 26, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 2011.

Application for Transfer Denied Oct. 4, 2011.

Joseph K. Robbins, The Robbins Law Firm, St. Louis, MO, for plaintiff.

Russell F. Watters, Scott H. Morgan, St. Louis, MO, for appellant.

William T. Kacerovskis, Law Offices of Robert J. Hayes, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff filed an action against the defendant dog owner for damages arising from injuries sustained when plaintiff was bitten by the dog owner's dog. The dog owner then filed a third-party petition against the humane society from which she had adopted the dog, seeking contribution under a theory of common law negligence. The trial court dismissed the third-party petition with prejudice for failure to state a claim upon which relief may be granted. The dog owner appeals. We affirm.

Plaintiff, Marissa Miles, a minor, by and through her mother and next friend, Dana Miles, filed an action against Linda Darlene Rich seeking damages arising from injuries sustained when Ms. Miles was bitten by Ms. Rich's dog. Ms. Miles alleged that Ms. Rich was the owner and keeper of the dog, that the dog attacked Ms. Miles on April 28, 2004, and that the attack and injuries were the direct and proximate result of Ms. Rich's negligence and carelessness in the following respects:

a) That [Ms. Rich] knew or should have known of her dog's propensity for viciousness and unprovoked attack on innocent persons.

b) That [Ms. Rich] failed to restrain her dog and confine it.

c) That [Ms. Rich] failed to warn [Ms. Miles] of her dog's propensity for viciousness and unprovoked attack on persons.

Thereafter, Ms. Rich filed a third-party petition against the Humane Society of Missouri (the Humane Society) seeking contribution under a theory of common law negligence. Ms. Rich first alleged the existence of Ms. Miles's lawsuit against Ms. Rich, which sought damages resulting from the April 28, 2004 bite by Ms. Rich's dog at Ms. Rich's residence, and she attached a copy of Ms. Miles's petition. She further alleged that the Humane Society received the dog on January 21, 2003, and that it had performed tests on and handled the dog, before it "gave" the dog to Ms. Rich on March 1, 2003. She alleged that "[w]ithin a matter of weeks" after the Humane Society gave the dog to Ms. Rich, Ms. Rich notified the Humane Society that the dog had bitten a child.[1]

Ms. Rich alleged that the Humane Society had two duties that it breached. The first was a duty "to inspect, test, observe, and handle its dogs in accordance with the best accepted professional practices so as to prevent releasing dogs that would pose potential aggressive risks onto the public." She alleged the Humane Society breached this duty as follows:

10. [The Humane Society], holding itself out as a specialist in the field of animal care and adoption, failed to apply the knowledge and use the skill and care ordinarily used by other reasonably well-qualified humane societies in the following respects:

a. [The Humane Society] provided [Ms. Rich] with a stray dog that was unreasonably dangerous and possessed a hazardous propensity to bite.

b. [The Humane Society] failed to conduct any screening or testing to determine the extent of the dog's dangerous nature and hazardous propensity to bite when it knew or should have known of the proce-

dures available for making those types of assessments.

c. [The Humane Society] failed to implement any formal testing, screening, or observation procedures upon receiving the dog to ensure that the dog would be safe when adopted.

d. [The Humane Society] failed to avail itself of readily available and specific testing programs for behavior evaluations and assessments of the dog it was releasing to [Ms. Rich].

Ms. Rich also alleged that the Humane Society "had a duty to warn [Ms.] Rich of what it knew or should have known—that dogs that bite are likely to bite again." She alleged the Humane Society breached this duty as follows:

13. Instead, [the Humane Society], holding itself out as a specialist in the field of animal care and adoption, failed to use the knowledge, skill, and care ordinarily used by other reasonably well-qualified humane societies to warn of the hazards and problems associated with a dog that bites in the following respects:

a. [The Humane Society] encouraged [Ms.] Rich to give the dog more time instead of referring [Ms.] Rich to Animal Control to turn the dog over for quarantine for a period of days.

b. [The Humane Society] offered to enroll [Ms.] Rich's dog in its behavior modification class, while concealing its own policy of not retraining a dog who bites because of the likelihood it will bite again.

c. [The Humane Society] did not fully inform [Ms.] Rich of her option to return the dog to [the Humane Society's] facilities.

d. [The Humane Society] did not fully inform [Ms.] Rich of the risks pre-

1. This would have been a year prior to the April 28, 2004 incident.

sented by keeping a dog that had already bitten once.

Ms. Rich alleged proximate cause as follows: "As the direct and proximate result of [the Humane Society's] actions and omissions, [Ms. Miles] has brought suit against [Ms.] Rich."

The Humane Society filed a motion to dismiss the third-party petition on the ground that the third-party petition failed to state a claim upon which relief may be granted because Ms. Rich did not have a legally valid contribution claim against the Humane Society in that she did not allege that the Humane Society controlled, owned, possessed, or harbored the dog at the time of the attack. After a hearing on the motion, the trial court dismissed the third-party petition, concluding that the third-party petition did not state a claim showing that Ms. Rich was entitled to contribution from the Humane Society on a theory of common law negligence because it did not allege any facts showing that the Humane Society was liable to Ms. Miles for the injury, which was an essential element of a contribution action.[2] The trial court concluded that there was no possible set of facts on which Ms. Rich could prevail against the Humane Society, and that it would dismiss the petition with prejudice.

Ms. Rich and Ms. Miles subsequently settled Ms. Miles's claim against Ms. Rich, and Ms. Rich appealed from the trial court's dismissal of her third-party petition.

## DISCUSSION

On appeal, Ms. Rich contends that the trial court erred (1) in dismissing her third-party petition for failure to state a claim because she properly pleaded a cause of action for contribution under a common law negligence theory, and (2) in dismissing her third-party petition with prejudice without leave to amend.

 Our review of a dismissal for failure to state a claim is *de novo*. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 768 (Mo. banc 2007). A motion to dismiss for failure to state a claim upon which relief may be granted is exclusively a test of the adequacy of the petition. *Id.* We will affirm a dismissal on any ground that supports the motion to dismiss. *Beck v. Fleming*, 165 S.W.3d 156, 158 (Mo. banc 2005). In considering whether a petition fails to state a claim upon which relief can be granted, we give the pleadings their broadest intendment, and we construe all allegations favorably to the pleader. *Bachtel v. Miller County Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003). We review the petition in "an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). We disregard conclusory allegations that are not supported by the facts. *Whipple v. Allen*, 324 S.W.3d 447, 449–50 (Mo.App. 2010). We do not address the merits of the case or consider evidence outside the pleadings. *Ryann Spencer Gp. v. Assurance Co., America*, 275 S.W.3d 284, 287 (Mo.App.2008).

### I. *Contribution/Common Law Negligence*

 In her first point, Ms. Rich argues that the trial court erred in dismissing her third-party petition against the Humane Society because she properly pleaded a cause of action for contribution based on

---

**2.** The trial court also concluded that Ms. Rich was not entitled to contribution under either a products liability theory or an indemnity con-

tract theory. These conclusions are not challenged on appeal.

common law negligence. She asserts that her petition alleged facts sufficient to show that the Humane Society (1) had a duty to prevent the adoption of the dog by implementing any tests and procedures it knew or should have known about to identify the dog's dangerous nature or propensity to bite, and (2) had a duty to fully inform Ms. Rich of the risks presented by keeping a dog that it knew had bitten before and encouraging her to keep the dog in contravention of its own policy not to try to retrain dogs that have already bitten because of the likelihood they would bite again. We disagree with these arguments and with the premises on which they are based.

### A. Contribution

■ Ms. Rich's third party claim against the Humane Society seeks contribution. " 'When two or more persons become liable in tort to the same person for the same harm, there is a right of contribution among them.' " *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. banc 2002) (quoting *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 730 (Mo. banc 1982) (quoting RESTATEMENT (SECOND) OF TORTS section 896A(1) (1965))). "To maintain an action for contribution, both the party seeking contribution and the 'defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party.' " *Gramex*, 89 S.W.3d at 442 (quoting *Safeway*, 633 S.W.2d at 730 (citing W. PROSSER, LAW OF TORTS, section 50, at 300 (4th ed.1971))) (alterations in original). "[L]ia-

bility for contribution depends upon the existence of *actionable* negligence of the defendant toward the plaintiff." *Sweet v. Herman Bros., Inc.*, 688 S.W.2d 31, 32 (Mo.App.1985). "In the absence of *actionable* negligence toward the plaintiff, an alleged tortfeasor is not liable to other defendants for contribution." *Id.* Therefore, in order for Ms. Rich's petition to state a claim for contribution she must allege actionable negligence by the Humane Society toward Ms. Miles. For the reasons that follow, we conclude that she did not.

### B. Common Law Negligence—Liability of Possessor

■ Liability for injuries caused by domestic animals can be based on strict liability,[3] premises liability,[4] or common law negligence. Ms. Rich seeks to hold the Humane Society liable to Ms. Miles in common law negligence. Missouri recognizes a cause of action in common law negligence for harm done by a domestic animal within the parameters set out in section 518 of the RESTATEMENT (SECOND) OF TORTS:

> Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,
>
> (a) he intentionally causes the animal to do the harm, or
>
> (b) he is negligent in failing to prevent the harm.

3. Persons can be strictly liable for injuries caused by a dog or other domestic animal. The common law rule applied in Missouri is that an owner, keeper, or harborer of a domestic animal who knows or should have known of the animal's dangerous propensities can be liable in strict liability where there is a causal relationship. *See Clinkenbeard v. Reinert*, 284 Mo. 569, 225 S.W. 667, 669 (Mo. banc 1920); *Boosman v. Moudy*, 488 S.W.2d 917, 921–22 (Mo.App.1972). Section 273.036 RSMo (Cum.Supp.2009), now makes the owner or possessor of any dog that bites a person without provocation strictly liable.

4. *See, e.g., Savory v. Hensick*, 143 S.W.3d 712, 718 (Mo.App.2004); *Garrett v. Overland Garage & Parts, Inc.*, 882 S.W.2d 188, 191–92 (Mo.App.1994).

RESTATEMENT (SECOND) OF TORTS: LIABILITY FOR HARM DONE BY DOMESTIC ANIMALS THAT ARE NOT ABNORMALLY DANGEROUS section 518 (1977); *see Duren v. Kunkel,* 814 S.W.2d 935, 938–39 (Mo. banc 1991); *Savory v. Hensick,* 143 S.W.3d 712, 717 (Mo. App.2004); *Like ex rel. Like v. Glaze,* 126 S.W.3d 783, 785 (Mo.App.2004); *Mathes By and Through Mathes v. Nolan,* 904 S.W.2d 353, 356 (Mo.App.1995). Section 518 of the RESTATEMENT "requires that the person held to be liable 'possesses or harbors' the animal." *Mathes,* 904 S.W.2d at 356. Missouri courts have refused to extend liability in negligence for harm caused by a domestic animal beyond owners, possessors, or harborers of animals. *Id.*

Section 518 of the RESTATEMENT has been specifically applied to a situation in which a seller of a dog who no longer possessed the dog was sued on a theory of negligence when the dog later bit a child. In *Blaha v. Stuard,* 640 N.W.2d 85 (S.D. 2002), the court held that the seller of the dog could not be liable for negligently failing to prevent the harm because he did not "possess" the dog, which was required for liability under the theory of negligence set out in the RESTATEMENT. The court further held that in order to establish liability under this theory, the court would have to place the seller of the dog in the shoes of the possessor of the dog and there was nothing to support the contention "that possessor's liability may be superimposed upon a seller." *Blaha,* 640 N.W.2d at 89–90.

Here, the Humane Society did not own, possess, harbor, or control the dog when it bit Ms. Miles. As a result, it had no duty under common law negligence principles to prevent the harm to Ms. Miles. It was not liable in common law negligence to Ms. Miles for harm caused by Ms. Rich's dog.

C. *Assumed Duty of Humane Society*

Ms. Rich argues that the Humane Society nevertheless had assumed a duty to take steps to prevent injury to Ms. Miles by screening dogs it put up for adoption and preventing their release to the public. She argues that the potential for harm in adopting out dogs is foreseeable, and the Humane Society's duty arises from that foreseeability. We disagree.

▮▮▮▮▮ "Duty" is unique among the elements of negligence "because the existence of duty is a question of law" to be decided by the court. *Strickland v. Taco Bell Corp.,* 849 S.W.2d 127, 131 (Mo.App. 1993). The question of whether a duty exists "depends upon a calculus of policy considerations." *Lough v. Rolla Women's Clinic,* 866 S.W.2d 851, 854 (Mo. banc 1993). Among other considerations, "[f]oreseeability is the paramount factor in determining existence of a duty," but foreseeability alone is not enough to establish a duty. *Id.* There must also be some right or obligation to control the activity that presents the danger of injury. *See Haney v. Fire Ins. Exchange,* 277 S.W.3d 789, 792 (Mo.App.2009); *Burrell ex rel. Schatz v. O'Reilly Auto.,* 175 S.W.3d 642, 656 (Mo. App.2005); *Stitt v. Raytown Sports Ass'n, Inc.,* 961 S.W.2d 927, 930–31 (Mo.App. 1998); *Burns v. Black & Veatch Architects, Inc.,* 854 S.W.2d 450, 457 (Mo.App. 1993); *Wilson v. St. Louis Area Council,* 845 S.W.2d 568, 570 (Mo.App.1992); *Conroy v. City of Ballwin,* 723 S.W.2d 476, 478 (Mo.App.1986). Recognition of danger "is certainly not, on its own, a basis for a negligence action." *Burns,* 854 S.W.2d at 457.

▮▮▮▮▮ In causes of action for harm caused by domestic animals based on common law negligence, the negligent act is the failure to use reasonable care in exercising control of the animal. *Savory,* 143 S.W.3d at 717–18 (and cases and authorities cited therein). Therefore, "[g]enerally

a person is not liable in damages for injuries inflicted by a domestic animal which he does not own, harbor, or control, or where he does not own or control either the animal or the premises on which it is kept." 3B C.J.S. *Animals* section 345 (2003) (footnotes omitted). "Liability generally will not attach to those who do not have control over the animal in question." 4 AM.JUR.2D *Animals* section 73 (2010).

In addition, the cases cited by Ms. Rich do not support the imposition of an assumed duty on the Humane Society to prevent Ms. Miles from being injured by Ms. Rich's dog. She relies on *Zuber v. Clarkson Const. Co.,* 363 Mo. 352, 251 S.W.2d 52 (1952) and *Keenan v. Miriam Foundation,* 784 S.W.2d 298 (Mo.App. 1990). In *Zuber,* the Missouri Supreme Court held that the owner and individual responsible for a dangerous instrumentality, an "earth-moving machine," had a duty to protect the public from conduct of third-parties when the owner left the machine unattended and with the keys in the ignition and had knowledge that people had been gathering around the machine. 251 S.W.2d at 55–56. In *Keenan,* the court held that a business owner assumed a duty to provide a place of safety for a business invitee when the business's employees made affirmative assurances of safety to the invitee and the invitee relied on those assurances. 784 S.W.2d at 304–05. Neither of these cases supports a rationale for abandoning the rule that liability in common law negligence for harm caused by domestic animals only attaches to an owner, possessor, or harborer of a domestic animal. There is no cause of action based on an "assumed duty" under the facts alleged in the third-party petition.

D. *Duty to Warn Ms. Rich*

Ms. Rich's final argument under this point is that the Humane Society owed a duty to warn Ms. Rich after she notified the Humane Society about the 2003 inci-

dent when the dog bit a different child. This argument does not support the existence of a cause of action in contribution. In order to state a claim in contribution, the party from who contribution is sought must be originally liable to the injured party. *Union Elec. v. Metro. St. Louis Sewer Dist.,* 258 S.W.3d 48, 55 (Mo. banc 2008). The claim that the Humane Society was negligent in discharging a duty owed to Ms. Rich, rather than to Ms. Miles, fails to state a claim in contribution.

Because Ms. Rich failed to state a cause of action for contribution based on common law negligence, the trial court did not err in denying her third-party petition for failure to state a claim. Point one is denied.

II. *Dismissal with Prejudice*

In her second point, Ms. Rich contends that the trial court erred in dismissing her third-party petition with prejudice and without leave to amend. She advances three theories in support of this contention. We disagree with each of them.

A. *Humane Society Liability*

Ms. Rich first argues that common law precedent does not preclude a humane society from being liable for damages in negligence. She cites *Bussell v. Tri–County Humane Soc.,* 50 S.W.3d 303 (Mo. App.2001) (*Bussell I*), as well as *Champagne v. Spokane Humane Soc.,* 47 Wash. App. 887, 737 P.2d 1279 (1987), and *Fire Ins. Exchange v. Cincinnati Ins. Co.,* 234 Wis.2d 314, 610 N.W.2d 98 (Wis.Ct.App. 2000). None of these cases supports a conclusion that the Humane Society in this case could be liable in common law negligence for harm caused by a dog that it no longer possessed.

In *Bussell I,* a humane society that had previously possessed a dog was named as a defendant in a dog bite case. However, that opinion did not discuss or analyze the

cause of action against the humane society. Moreover, the trial court later entered summary judgment in favor of the humane society. *See Bussell ex rel. v. Tri–Counties Humane Soc.*, 125 S.W.3d 348 (Mo. App.2004) (*Bussell II* ). We dismissed the plaintiff's appeal from the summary judgment entered in the humane society's favor for failure to timely file the docket fee. *Id. Bussell I* provides no support for Ms. Rich's theory.

Further, neither *Champagne* nor *Fire Ins. Exchange* supports the theory that a humane society can be liable in negligence to a dog bite victim who was bitten after the humane society no longer owned, possessed, harbored, or controlled the dog. Both cases arose under entirely different factual scenarios. In *Champagne*, the humane society defendant had a contract with a city to perform animal control, and the court held that the public duty doctrine did not bar the dog bite victim from holding the humane society liable for negligently performing the governmental function of animal control that it was under a contractual obligation to perform. 737 P.2d at 1283–84. *Fire Ins. Exchange* involved a contribution claim against a humane society after a dog bite victim settled a claim for personal injury damages against the owners of the dog that bit the victim while he was volunteering on the humane society's premises. Although the trial court reversed summary judgment in the humane society's favor, the court did not address the merits of the claim of negligence. 610 N.W.2d at 103. The fact that a humane society may be liable in tort in other factual situations does not support an argument that it can be liable in common law negligence for harm caused by a dog it did not own, possess, harbor, or control under the facts alleged in this case.

### B. *Immunity*

■■■ Ms. Rich next argues that the Missouri legislature has not provided statutory immunity to the Humane Society from civil liability. This argument likewise has no merit. Immunity is a doctrine providing a complete defense to a tort action. BLACK'S LAW DICTIONARY 817–18 (9th ed.2009); *see, e.g., Southers v. City of Farmington*, 263 S.W.3d 603, 608–10 (Mo. banc 2008). By asserting an immunity defense, a defendant does not contend that there was no negligence; rather, that defendant asserts that it is protected from liability for negligence by one of the immunity doctrines. *See Southers*, 263 S.W.3d at 611 (discussing official immunity). Here, the Humane Society did not raise immunity as a defense, and its status as a "humane society" is not the reason it is not liable. Rather, it is not liable in common law negligence because it was not the owner, possessor, or harborer of the dog at the time the dog bit Ms. Miles.

### C. *Leave to Amend*

■■■ Finally, Ms. Rich argues that the trial court should not have dismissed her petition with prejudice without leave to amend. Rule 67.06 provides that upon sustaining a motion to dismiss a claim, a trial court "shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed." Rule 55.33(a) provides that leave to amend a pleading "shall be freely given when justice so requires." A party does not have an absolute right to file an amended petition. *Doran v. Chand*, 284 S.W.3d 659, 666 (Mo. App.2009); *Kanefield v. SP Distrib. Co., L.L.C.*, 25 S.W.3d 492, 498 (Mo.App.2000). In deciding whether to allow a party to amend a pleading, a court should consider a number of factors, including:

1) hardship to the moving party if leave to amend is not granted; 2) reasons for failure to include any new matter in previous pleadings; 3) timeliness of the application; 4) whether an amendment

could cure any defects of the moving party's pleading; and 5) injustice to the party opposing the motion.

*Doran,* 284 S.W.3d at 666 (quoting *Moynihan v. City of Manchester,* 203 S.W.3d 774, 776 (Mo.App.2006) (citation omitted)). The denial of leave to amend is within the discretion of the trial court and presumed correct. *Doran,* 284 S.W.3d at 666; *Kanefield,* 25 S.W.3d at 498.

Ms. Rich has not identified any new allegations she could make in an amended petition that would cure the failure of her original petition to state a cause of action. Since she has not proposed, much less demonstrated, an amendment that could cure the defect in her petition, the trial court did not abuse its discretion in not granting her leave to amend. *See Doran,* 284 S.W.3d at 666.

The trial court did not err in dismissing Ms. Rich's third-party petition with prejudice and did not abuse its discretion in denying without leave to amend. Point two is denied.

*Conclusion*

The judgment of the trial court is affirmed. The Humane Society's motion to strike portions of Ms. Rich's brief is denied as moot.

ROBERT G. DOWD, JR., J. and LAWRENCE E. MOONEY, J., concur.