**Sherrie HARGIS, Plaintiff–Appellant,**

v.

**AFFILIATED MEDICAL TRANSPORT, INC., Defendant–Respondent.**

**No. 55111.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 14, 1989.

Michael B. Stern, Marc B. Fried, St. Louis, for plaintiff-appellant.

Robert W. Stewart, Patricia M. McFall, St. Louis, for defendant-respondent.

GRIMM, Presiding Judge.

Plaintiff Sherrie Hargis brought a wrongful discharge action against defendant Affiliated Medical Transport, Inc. She appeals from an order sustaining Affiliated's amended motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.

Hargis's petition was filed January 20, 1988. Her petition alleged that she was employed on July 31, 1986, and was discharged on July 24, 1987. She further alleged that Affiliated "established and implemented certain employee personnel regulations." These regulations, which were attached to the petition, are often referred to as "handbooks." Her petition further alleged that as a result of the promulgation of these regulations and the furnishing of them to Hargis, Affiliated "impliedly promised and agreed to employ [Hargis] for so long as she performed her duties in accordance with said regulations and to abide by those rules and regulations with respect to her termination."

Less than a month after Hargis filed her petition, our Supreme Court decided *Johnson v. McDonnell Douglas, Corporation*, 745 S.W.2d 661 (Mo. banc 1988). There, the Court refused to adopt a "handbook exception" to the employment at will doctrine, and recognized the continued validity of employment at will. *Id.* at 661–662. On June 14, 1988, Affiliated filed its amended motion to dismiss. Citing *Johnson v. McDonnell Douglas, Corporation*, the motion specifically stated that employment manuals, similar to the one involved here, are not enforceable contracts of employment.

On June 24, 1988, Affiliated's motion to dismiss was argued, and subsequently sustained by the court. At oral argument before this court, Hargis's counsel acknowledged that he did not seek leave to amend the petition in order to allege any other contractual relationship between the parties.

A unilateral act of an employer in publishing a handbook is not a contractual offer to an employee. *Id.* at 622. An at will employee can not interpret the distribution of a handbook as an offer to modify an employment at will status. *Id.*

*Johnson* is controlling. Thus, the trial court did not err in sustaining Affiliated's motion to dismiss.

The JUDGMENT is AFFIRMED.

KAROHL and GARY M. GAERTNER, JJ., concur.