**Robert MOYNIHAN, Appellant,**

v.

**CITY OF MANCHESTER and Barbara Burns Matthews, Respondents.**

No. ED 87579.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 17, 2006.

Patrick C. Dowd, Chesterfield, MO, for appellant.

Patrick R. Gunn, Gino F. Battisti, C. John Pleban, Michael J. Schaller, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, P.J.

Robert Moynihan (hereinafter, "Moynihan") appeals from the judgment of the trial court granting Barbara Burn Matthews' (hereinafter, "Matthews") and the City of Manchester's (hereinafter, "the City") motions to dismiss and dismissing Moynihan's petition with prejudice. Moynihan raises six allegations of error. We reverse and remand.

Moynihan filed this taxpayer's declaratory judgment action against Matthews and the City to recover what he believes were illegal payments to Matthews. The trial court dismissed Moynihan's petition, following a Rule 55.27 motion filed by Matthews. Moynihan then filed a motion for reconsideration, or in the alternative, for leave to amend his petition. The City also filed a motion for judgment on the pleadings because Matthews was no longer a party. The trial court denied Moynihan's motion for reconsideration or leave to amend, and granted the City's motion for judgment on the pleadings. Accordingly, the trial court entered its final judgment dismissing Moynihan's petition with prejudice. Moynihan appeals.

Moynihan raises six points on appeal. However, since we find point four dispositive, we decline to address the other five. In his fourth point, Moynihan argues the trial court abused its discretion in denying him leave to amend his petition because it was against the logic of the circumstances before the trial court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Moynihan states this was his first request to amend the petition and his request was timely. We agree.

A motion to dismiss is an attack on the petition and is solely a test of the adequacy of that pleading. *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). When reviewing a motion to dismiss, we assume that all of a plaintiff's allegations are true and liberally grant the plaintiff all reasonable inferences therefrom to determine if any ground for relief is stated. *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D. 2002). We review the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a

cause that might be adopted in that case." *Reynolds*, 79 S.W.3d at 909. A petition "should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact." *Grewell v. State Farm Mut. Auto. Ins. Co., Inc.*, 102 S.W.3d 33, 36 (Mo. banc 2003).

 Leave to amend a petition is governed by Rule 55.33(a). Rule 55.33(a) mandates that leave to amend "shall be freely given when justice so requires." It is within the trial court's broad discretion to allow amendment of the pleadings at any stage in the proceedings. *Walton v. City of Berkeley*, 158 S.W.3d 260, 263 (Mo. App. E.D.2005). When considering to allow a party to amend a pleading, there are a number of factors which the trial court should consider, including:

> 1) hardship to the moving party if leave to amend is not granted; 2) reasons for failure to include any new matter in previous pleadings; 3) timeliness of the application; 4) whether an amendment could cure any defects of the moving party's pleading; and 5) injustice to the party opposing the motion.

*Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 751 (Mo.App. E.D.2005).

 In this case, it is clear Moynihan will suffer a hardship by the trial court's failure to grant him leave to amend his petition. The trial court dismissed his case with prejudice as to both Matthews and the City, thereby granting them judgment on the pleadings. Moynihan attached a copy of his proposed amended pleadings to his motion in response to Matthews' motion to dismiss.[1] Moynihan sought to amend his pleadings in a timely manner. There was no discovery conducted nor had a date for trial been set. Further, it appears Moynihan's amended petition could cure any proposed deficiencies. Accordingly, under the circumstances of this case, the trial court should have granted Moynihan leave to amend his petition. *See also Manzer v. Sanchez*, 985 S.W.2d 936 (Mo.App. E.D.1999)(finding a severe hardship existing when denial of leave to amend results in preclusion of cause of action); *Sloan–Odum v. Wilkerson*, 176 S.W.3d 723 (Mo.App. E.D.2005)(finding an abuse of discretion for denial of a request for leave to amend pleadings when the trial court relied solely on the timing of the request). Point granted.

The judgment of the trial court is reversed. The cause is remanded to the trial court with directions to grant Moynihan leave to amend his pleadings and for further proceedings.

GARY M. GAERTNER, Sr., J., and ROBERT G. DOWD, J., concur.

---

1. Matthews urges this Court to view this as a converted motion for summary judgment. We decline to do so noting the trial court failed to notify the parties and grant them the opportunity to present all pertinent materials for summary judgment. Rule 55.27(a). However, we also note that if we were to view Moynihan's response to the motion to dismiss as creating a motion for summary judgment, a genuine issue of material fact would exist to defeat the summary judgment because Matthews failed to respond. Summary judgment at this time is premature, but may be appropriate following discovery.