Bernardo O. COSTA, Appellant,

v.

Arthur E. ALLEN, Respondent.

No. SC 89177.

Supreme Court of Missouri,
En Banc.

Nov. 25, 2008.

As Modified on Denial of Rehearing
Jan. 13, 2009.

Bernardo O. Costa, Cameron, MO, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, James R. McAdams, Maureen C. Beekley, Office of Missouri Attorney General, Jefferson City, MO, for respondent.

DANIEL E. SCOTT, Special Judge.

Bernardo Costa appeals the dismissal of his pro se petition for damages against Arthur Allen, an assistant public defender who represented Costa in an unsuccessful Rule 29.15 post-conviction action. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment is vacated, and the case is remanded.

### Facts and Procedural Background

Costa captioned his petition "Civil Action for Breach of Fiduciary Duties (Constructive Fraud)." It alleged that Costa instructed Allen to obtain and secure certain witnesses for Costa's Rule 29.15 evidentiary hearing; Allen assured Costa that he would call those witnesses, but did not; and Allen thereby breached his fiduciary duty to Costa and doomed Costa's otherwise valid post-conviction claim. Allen answered the petition and filed a motion to dismiss. The trial court granted Allen's motion without elaboration and dismissed Costa's petition with prejudice.

### General Principles of Review

■ Where, as here, the trial court does not indicate why it dismissed the petition, the Court presumes it was for some reason stated in the dismissal motion and will affirm if dismissal was appropriate on any ground stated therein. *Rychnovsky v. Cole,* 119 S.W.3d 204, 208 (Mo.App.2003). Allen's motion to dismiss asserts that Costa's petition fails to state a claim upon which relief can be granted.[1] *See* Rule 55.27(a)(6).

### Fiduciary Duty

■ The elements of Costa's "Civil Action for Breach of Fiduciary Duties (Constructive Fraud)" were: (1) an attorney-client relationship; (2) the attorney's breach of a fiduciary obligation; (3) proximate cause; (4) damages to the client; and (5) no other recognized tort encompasses the facts alleged. *Klemme v. Best,* 941 S.W.2d 493, 496 (Mo. banc 1997). Central to this appeal is the second element; breach of a fiduciary obligation.

■ Although the attorney-client relation is fiduciary,[2] and breach of a fiduciary obligation is constructive fraud,[3] not all lawyer obligations are fiduciary duties, nor counsel's every failure a constructive fraud. An attorney's fiduciary duties equate specifically to client loyalty and confidentiality, in contrast to contractual obligations or the duty of due care.

> A legal malpractice action thus is founded on an attorney's duty to exercise due care or to honor express contract commitments. *In addition, an attorney has the basic fiduciary obligations of undivided loyalty and confidentiality.* Ronald E. Mallen and Jeffrey M. Smith, Legal Malpractice, § 14.1 at 227 (4th ed.1996), citing *Shaffer v. Terrydale Management Corp.,* 648 S.W.2d 595 (Mo.App.1983); *Gardine v. Cottey,* 360 Mo. 681, 230 S.W.2d 731 (1950).

*Klemme,* 941 S.W.2d at 495 (emphasis added).

*Klemme* arose out of a federal suit against a city and seven police officers,

---

1. Allen argued for official immunity in separately-filed suggestions, but did not express that ground in the motion itself.

2. *Shaffer v. Terrydale Mgmt. Corp.,* 648 S.W.2d 595, 605 (Mo.App.1983).

3. *Klemme,* 941 S.W.2d at 496.

including Klemme, after a shooting death. Eventually, the federal court dismissed Klemme with prejudice since the facts did not support a claim against him. Klemme later sued attorney Best, who had represented all defendants, for breach of fiduciary duty and constructive fraud. He alleged that Best deliberately placed the interests of the City and its insurer above Klemme's interests, both before and during the federal suit, and thus breached his fiduciary duty to Klemme. This Court concluded:

> Klemme has alleged facts that constitute the tort of breach of fiduciary duty or constructive fraud against his attorney: Best and Klemme had an attorney-client relationship; *Best breached his fiduciary obligation by placing the interests of other clients before Klemme's;* this breach proximately caused Klemme damages; no other recognized tort encompasses Klemme's claim. The circuit court erred in finding that Klemme's petition failed to state a claim.

*Id.* at 496 (emphasis added). *See also Shaffer,* 648 S.W.2d at 605–06.

Costa argues that his claim is based "on principles of contract measured by rules of agency." He cites *Jarnagin v. Terry,* 807 S.W.2d 190 (Mo.App.1991), which dealt with a lawyer's agency and duties when "employed for a definite purpose *unrelated to litigation in court.*" 807 S.W.2d at 193–94 (emphasis added). Counsel's responsibilities differ in a trial setting. *Compare Worthington v. State,* 166 S.W.3d 566, 578–79 (Mo. banc 2005); *State v. Johnson,* 714 S.W.2d 752, 766 (Mo.App.1986).

Simply put, Costa's petition alleges no violation of Allen's "basic fiduciary obligations of undivided loyalty and confiden-

tiality." *Klemme,* 941 S.W.2d at 495. It pleads no breach of client confidences, nor claims that Allen placed the interests of other clients above Costa's interests, nor charges Allen with otherwise dividing his loyalty to Costa. Since his petition alleges no breach of a fiduciary obligation per *Klemme,* Costa asserts no claim for breach of fiduciary duty, constructive fraud, or otherwise.[4]

### Rule 67.06

■■ Nonetheless, a remand is necessary. "On sustaining a motion to dismiss a claim ... the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion. . . ." Rule 67.06. The trial court record shows this 2006 timeline:

> June 13—Costa files petition (file stamp date).
>
> July 10—Allen served.
>
> July 17—Allen files motion to dismiss.
>
> July 19—Motion granted; case dismissed with prejudice.
>
> July 31—Costa files Rule 67.06 motion to amend (motion never ruled).

Rule 67.06 did not require the trial court *sua sponte* to grant leave to amend (*Central Prod. Credit Ass'n v. Pennewell,* 776 S.W.2d 21, 23 (Mo.App.1989)), but limited its discretion to disregard Costa's motion 12 days later. *See Koller v. Ranger Ins. Co.,* 569 S.W.2d 372, 373 (Mo.App.1978). "'Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an

---

4. Costa denies his action is for legal malpractice or invokes tort principles measured by a standard of care. Thus, the Court need not decide if Allen effectively raised official immu-

nity (see note 2). *See Southers v. City of Farmington,* 263 S.W.3d 603, 610 (Mo. banc 2008).

amended pleading if desired.'" *Id.* (quoting *Dietrich v. Pulitzer Publishing Co.,* 422 S.W.2d 330, 334 (Mo.1968)). This is especially true in a case less than seven weeks old, and where Costa, a pro se plaintiff in prison, had no meaningful opportunity to respond to a dismissal motion filed and granted within a two-day span.

### Conclusion

The judgment is vacated, and the case is remanded with directions for the trial court to enter an appropriate order consistent with this opinion and Rule 67.06.

STITH, C.J., PRICE, TEITELMAN, RUSSELL, WOLFF and FISCHER, JJ., concur.

BRECKENRIDGE, J., not participating.