**Gabrielle DORAN, et al., Appellants,**

v.

**Dinesh CHAND, et al., Respondents.**

**No. WD 69225.**

Missouri Court of Appeals, Western District.

March 17, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 2009.

Application for Transfer Denied June 30, 2009.

Elle J. Sullivant, Independence, MO, for Appellants.

Patrick F. Hulla, Kansas City, MO, for Respondents.

Before VICTOR C. HOWARD, P.J., JOSEPH M. ELLIS, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Presiding Judge.

Nineteen former employees of ADT Se-

curity Services, Inc.[1] (Employees) appeal the judgment of the trial court dismissing their petition against ADT, TYCO Fire (NV) Inc., and nine of ADT's managers.[2] Employees assert that the trial court erred in dismissing their petition as to any party other than ADT, specifically Tyco and the individual managers, because ADT's motion to dismiss did not request any relief for the other defendants. Employees also raise several points claiming that the trial court erred in dismissing their petition for failure to state a claim upon which may be granted. Finally, Employees claim that the trial court abused its discretion in not granting them the opportunity to amend their petition. The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings.

### Facts Alleged in Petition and Procedural History

Employees are former employees of ADT who were discharged over the course of approximately eighteen months. They initiated this case against ADT, Tyco, and nine individuals in their role as managers. In their petition, Employees claim that they were subjected to race discrimination, harassment, and retaliation while working at ADT.

The lawsuit includes three counts; the first two are contract claims. Count I (Breach of Manager's Contract) alleges the breach of purported contracts between certain Employees in managerial positions and ADT. Employees assert that ADT's Employee Handbook, its policies on

Harassment and Equal Employment Opportunity, Tyco's Standards of Conduct, and acknowledgement forms signed by them acknowledging that they received the policies and agreeing to abide by them constitute an enforceable contract between the manager Employees and ADT and its managers. Employees allege that ADT and its manager defendants breached this purported contract by failing to:

(a) adhere to "zero tolerance" policy on harassment, discrimination and retaliation; (b) failed to immediately report any act, complaint, or rumor of harassment, discrimination, retaliation, or inappropriate behavior to higher management; (c) failed to help however possible in any investigation; (d) failed to investigate complaints; (e) failed to report harassment, discrimination and retaliation; (f) failed to report hostile, inappropriate, intimidating, or offensive working conditions; and (g) failed to foster a work environment that was free [from] harassment, discrimination, or retaliation.

Count II (Third–Party Beneficiary) is a breach of contract theory that alleges Employees were intended beneficiaries of a purported contract between the ADT manager defendants and ADT. Employees again assert that ADT's policies on Harassment and Equal Employment Opportunity, Tyco's Standards of Conduct, and the acknowledgement forms constitute the enforceable contract that was breached by ADT and its managers.

---

1. The individual appellants are Gabrielle Doran, Kimberly Thornton, Shawn D. Evans, Sheila Craig, Andrea Curns, Shannel Smith, Ernestine Brown, Margaret Ragsdale, Rebecca Brown, Patrick Webb, Delmont Parker, Labrent Crawford, Gennice Morris, Kevin May, Michael Andrews Jr., Willie Burroughs, Desmond Neely, Frank Ewell, and Dale Fountain. Cathy Arnold, Cynthia Braxton, and Karen Harris were also plaintiffs but did not appeal from the dismissal of the petition.

2. The individual managers are Dinesh Chand, Kelly Schear, Jane Wenk, Jackie Mister, Shelly Hammer, Dave Knack, Carlos Estes, Vivone Jordan, and Robin Burns.

Finally, Count III alleges the tort of negligent supervision. In particular, Employees assert that ADT, Tyco, and Dave Knack had the duty to properly supervise the other ADT manager defendants "to ensure that they would not unfairly or unjustly, in violation of company policy and their employment contract, discriminate against [Employees] so as to unjustly discharge [Employees] and cause them damages." Employees also assert that ADT and Tyco negligently breached this duty causing Employees damages "in that they were discharged unjustly."

ADT filed a motion to dismiss and suggestions in support. The motion alleges that Employees' claims should be dismissed for failure to state a claim upon which relief may be granted. Employees filed suggestions in opposition. Following a hearing on the motion, the trial court granted ADT's motion to dismiss. In its judgment, the trial court stated, "Accordingly, this Court enters a judgment dismissing the above-captioned matter with prejudice as to all claims and all parties, with each party to bear its own costs." This appeal by Employees followed.

## Dismissal of Defendants Other Than ADT

In the first point on appeal, Employees assert that the trial court erred in dismissing their petition as to any party other than ADT, specifically Tyco and the individual managers, because ADT's motion to dismiss did not request any relief for the other defendants. They claim that the trial court lacked jurisdiction over Tyco and the individual managers or the claims against them because they had not yet been served, had not entered an appearance, were not represented by ADT's counsel, and had not filed any motion or requested to be dismissed from the case.

■■■ Rule 55.26(a) provides, in pertinent part, "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Normally, a party seeking relief must initiate court action by filing a motion because a court should not act on its own accord. *Alvarado v. H & R Block, Inc.,* 24 S.W.3d 236, 241 (Mo.App. W.D.2000); *Williams v. Mercantile Bank of St. Louis NA,* 845 S.W.2d 78, 82 (Mo.App. E.D.1993). Additionally, "[u]nless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." *State ex rel. Ill. Farmers Ins. Co. v. Gallagher,* 811 S.W.2d 353, 354 (Mo. banc 1991). Service of process is a prerequisite to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for service are not met, the court lacks power to adjudicate. *Manzella v. Dorsey,* 258 S.W.3d 501, 504 (Mo.App. E.D.2008); *Stiens v. Stiens,* 231 S.W.3d 195, 198 (Mo.App. W.D.2007).

While ADT filed a motion to dismiss, Tyco and the individual managers did not. In fact, it is undisputed that Tyco and the individual managers were never served process and no entry of appearance was made on their behalf. Accordingly, the trial court erred in dismissing Employees' petition against Tyco and the individual managers. *See Manzella,* 258 S.W.3d at 504 (where trial court properly quashed service of process against defendants because person who accepted service of process was not authorized agent of defendants, trial court lacked jurisdiction to consider and grant defendants' motion to dismiss petition on basis of expired limitations). *See also Ambassador Flooring Co. v. Choate,* 877 S.W.2d 687, 688 (Mo.App. E.D.1994)(trial court erred in dismissing

third party petition where neither of the third party members moved for dismissal although they did move to dismiss lis pendens); *Smith v. Lewis,* 669 S.W.2d 558, 561–62 (Mo.App. W.D.1983)(dismissal of defendants designated by fictitious names was improper where no relief on behalf of defendants was sought, and there was no service of process or entry of appearance on their behalf, and hence, no issue ripe for adjudication). ADT argues that to reinstate Employees' impermissible claims against Tyco and the individual managers until they can be served and submit their own similar motions to dismiss would be a waste of judicial resources. ADT's argument is understandable, but it cites no authority to allow a different result. Thus, the judgment dismissing Tyco and the individual managers is reversed, and the case is remanded for further proceedings.

### Dismissal of ADT

Employees next contend that the trial court erred in dismissing their petition for failure to state a claim upon which relief may be granted. A motion to dismiss for failure to state a cause of action attacks the adequacy of the plaintiff's petition. *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 463–64 (Mo. banc 2001). It assumes that all of the pleaded facts are true and grants to the plaintiff all reasonable inferences therefrom. *Id.* at 464. " '[T]he petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in [the] case.' " *Id.* (quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993)). The dismissal of a petition for failure to state a

cause of action is reviewed *de novo.* *Hess v. Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 768 (Mo. banc 2007). The appellate court must affirm the dismissal if any ground asserted in the motion to dismiss is proper. *Mobius Mgmt. Sys., Inc. v. W. Physician Search, L.L.C.,* 175 S.W.3d 186, 188 (Mo.App. E.D.2005).

In its motion to dismiss, ADT claimed that Employees' contract claims, Counts I and II,[3] should be dismissed because no valid employment contract exists. Under Missouri's employment at will doctrine, an employer may discharge an at will employee, for cause or without cause, without liability for wrongful discharge, provided that the employee is not otherwise protected by a contrary statutory provision. *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 662 (Mo. banc 1988); *Sivigliano v. Harrah's N. Kansas City Corp.,* 188 S.W.3d 46, 48 (Mo.App. W.D.2006). To state a claim for wrongful discharge, an at will employee must plead " 'the essential elements of a valid contract and a discharge in violation thereof.' " *Johnson,* 745 S.W.2d at 662 (quoting *Dake v. Tuell,* 687 S.W.2d 191, 193 (Mo. banc 1985)). The essential elements of a valid contract are offer, acceptance, and bargained for consideration. *Id.; Drury v. Mo. Youth Soccer Ass'n, Inc.,* 259 S.W.3d 558, 574 (Mo.App. E.D.2008). An employer's offer to modify an employee's at will status must be clear and definite. *Johnson,* 745 S.W.2d at 662. The unilateral act of an employer in publishing a handbook is not a contractual offer to its employees. *Id.; Hargis v. Affiliated Med. Transp., Inc.,* 764 S.W.2d 741, 742 (Mo.App. E.D. 1989).

---

**3.** *JTL Consulting, L.L.C. v. Shanahan,* 190 S.W.3d 389, 400 (Mo.App. E.D.2006)(a third party beneficiary's right to maintain an action on a contract must spring from the terms of the contract itself).

In this case, Employees point to nothing in ADT's handbook or policies or the acknowledgement forms that would lead a reasonable at will employee to believe that ADT clearly and definitely offered to modify his or her at will status. Moreover, ADT's policies against discrimination do not constitute a contract because consideration is lacking. " '[A] promise to do that which one is already legally obligated to do cannot serve as consideration for a contract.' " *Zipper v. Health Midwest,* 978 S.W.2d 398, 416 (Mo.App. W.D. 1998) (citation omitted). Federal and state law legally obligate employers in Missouri to not harass, discriminate, or retaliate against employees based on race, national origin, or color. 42 U.S.C. § 2000e et seq. (2003); 42 U.S.C. § 1981 (2003); Missouri Human Rights Act (MHRA), Chapter 213, RSMo Cum.Supp.2007. Thus, any promise by ADT that it will not discriminate against its employees on the basis of race did not constitute consideration necessary to create an employment contract. *E.g. Hargett v. Metro. Transit Auth.,* 552 F.Supp.2d 393, 403 (S.D.N.Y.2008); *Blinka v. Wash. State Bar Ass'n,* 109 Wash.App. 575, 36 P.3d 1094, 1102 (2001). The trial court did not err in dismissing Employees' contract claims against ADT in Counts I and II.

Count III of Employees' petition claimed negligent supervision. ADT asserted in its motion to dismiss that the claim should be dismissed because Missouri law rejects the use of tort theories for wrongful discharge claims. ADT is correct. Count III is essentially a claim for wrongful discharge under the guise of negligent supervision. As discussed above, in Missouri, an at will employee may not maintain an action for wrongful discharge absent a valid contract or contrary statutory provision. *Johnson,* 745 S.W.2d at 662; *Dake,* 687 S.W.2d at 192–93. Employees did not have a valid employment contract, and they do not attempt to base their claims on a contrary statutory provision. To permit an at will employee to state a claim for wrongful discharge under the guise of negligent supervision would subvert the long standing employment at will doctrine. *See Dake,* 687 S.W.2d at 193 (employment at will doctrine would not be subverted by cloaking a claim for wrongful discharge under the guise of the prima facie tort doctrine); *Hanrahan v. Nashua Corp.,* 752 S.W.2d 878, 883–84 (Mo.App. E.D.1988)(employee did not state a claim for wrongful discharge under the theories of tortious interference with business expectancies and fraud absent valid contract, constitutional provision, statute, or regulation based on statute); *Neighbors v. Kirksville Coll. of Osteopathic Med.,* 694 S.W.2d 822, 824 (Mo.App. W.D.1985)(at will employee could not maintain an action for emotional distress resulting from her termination). The trial court did not err in dismissing Employees' Count III against ADT.[4]

### Amendment of Petition

Finally, Employees claim that the trial court abused its discretion in not granting them the opportunity to amend their petition. Rule 55.33(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 67.06 provides that on sustaining a motion to dismiss a claim, the trial court "shall freely grant leave to amend and shall spec-

---

4. In their brief, Employees assert that they are not pursuing a wrongful discharge claim but instead are seeking damages for emotional injuries arising out of the breach of contract. Regardless, the result is the same.

Employees failed to plead a valid contract and could not maintain an action for emotional distress resulting from their termination. *See Neighbors,* 694 S.W.2d at 824.

ify the time within which the amendment shall be made or amended pleading filed." A party, however, does not have an absolute right to file an amended petition. *Kanefield v. SP Distrib. Co.*, 25 S.W.3d 492, 498 (Mo.App. E.D.2000). The denial of leave to amend is within the discretion of the trial court and presumed correct. *Id.*; *Curnutt v. Scott Melvin Trans., Inc.*, 903 S.W.2d 184, 193 (Mo.App. W.D.1995). "[T]he burden is on the proponent to demonstrate that the trial court clearly and palpably abused its discretion." *Kanefield*, 25 S.W.3d at 498. *See also Curnutt*, 903 S.W.2d at 193. Factors to be considered in deciding whether to allow a party to amend a pleading include:

> 1) hardship to the moving party if leave to amend is not granted; 2) reasons for failure to include any new matter in previous pleadings; 3) timeliness of the application; 4) whether an amendment could cure any defects of the moving party's pleading; and 5) injustice to the party opposing the motion.

*Moynihan v. City of Manchester*, 203 S.W.3d 774, 776 (Mo.App. E.D.2006) (citation omitted); *Curnutt*, 903 S.W.2d at 193.

In their written opposition to ADT's motion to dismiss, Employees alternatively requested leave to amend their petition. They did not, however, recite any new or additional facts or claims that they wished to assert in an amended petition nor attach a proposed amended petition to their response. Similarly, Employees fail to identify in their brief on appeal what new allegations they wish to present in an amended petition to cure the inadequacy of their original petition. The trial court did not abuse its discretion in not granting Employees leave to amend their petition.

The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

All concur.