

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ELad GROSS,        )
              )
    Appellant,    )
              )
v.             )   WD82285
              )
A NEW MISSOURI, INC., ET AL.,  )   Opinion filed:  October 22, 2019
              )
    Respondents.   )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
## THE HONORABLE JON E. BEETEM, JUDGE

Before Special Division:  Gary D. Witt, Presiding Judge,
Edward R. Ardini, Jr., Judge and Thomas N. Chapman, Judge

Elad Gross appeals a judgment of the Circuit Court of Cole County dismissing his Amended Petition with prejudice. Gross brought this action under Missouri's Nonprofit Corporation Act[1] against A New Missouri, Inc. ("A New Missouri"), Michael G. Adams, Robin Simpson, and Jeff Stuerman (collectively, "Defendants") requesting the trial court order the Defendants to produce to him certain records of A New Missouri. Defendants filed a motion to dismiss for failure to state a claim, asserting that Gross failed to plead facts that would entitle him to relief. The trial court granted Defendants' motion. Finding no error, we affirm.

---

[1] Chapter 355, RSMo, is known as the "Missouri Nonprofit Corporation Act," and covers sections 355.001 through 355.881. *Blue Cross & Blue Shield of Kan. City, Inc. v. Nixon*, 26 S.W.3d 218, 222 (Mo. App. W.D. 2000) (en banc); *see also* § 355.001. All statutory references are to RSMo 2016, unless otherwise noted. All rule references are to the Missouri Supreme Court Rules (2019).

**Factual and Procedural Background**

A New Missouri is a nonprofit corporation with its principle place of business and registered office located in Cole County, Missouri. Individual defendants Adams, Simpson, and Stuerman are officers of A New Missouri. According to its Articles of Incorporation, A New Missouri was formed "for the purpose of conducting activities allowed pursuant to the Act, including, but not limited to, the advancement of social welfare by promoting ideas, policies and/or legislation to create more jobs, higher pay, safer streets, better schools, and more, for all Missourians." The Articles of Incorporation also provide that A New Missouri is a "public benefit corporation"[2] and has no members.

On June 2 and June 5, 2018, Gross sent A New Missouri written requests to inspect and copy the following records[3]:

1) All minutes of all meetings of [A New Missouri's] board of directors;

2) All records of all actions taken by [A New Missouri's] directors without a meeting;

3) All records of all actions taken by committees of [A New Missouri's] board of directors;

4) All accounting records;

5) All of the corporation's bylaws, restated bylaws, and amendments to its bylaws;

---

[2] All Missouri nonprofit corporations must be classified as either a "public benefit" or "mutual benefit" corporation. *See* § 355.881; *Blue Cross & Blue Shield of Kan. City*, 26 S.W.3d at 222. Although "[s]ection 355.881 specifies the basis for designation of nonprofit corporations as either 'mutual benefit' or 'public benefit,'" generally speaking, "[p]ublic benefit corporations are formed for a public or charitable purpose that serve the interests of society in a broad sense," whereas "mutual benefit corporations such as civic leagues or social clubs [are] formed to provide benefits to their members." *Blue Cross & Blue Shield of Kan. City*, 26 S.W.3d at 227, 234 n.13 (internal marks omitted) (quoting 26 Philip G. Louis, Jr. & Frank C. Brown, *Missouri Practice Series* 155-56 (1993)); *see also* 26 Philip G. Louis, Jr., *Missouri Practice Series* § 35.1 (2d ed. 2000).

[3] Gross sent the June 2nd request via certified mail; it was returned as undeliverable. Gross sent the June 5th request via regular mail.

6) A list of the names and business or home addresses of [A New Missouri's] current directors and officers;

7) All financial statements of all income and expenses of the corporation.

Gross listed three purposes for his records request: 1) to determine whether A New Missouri acted improperly under Missouri law, including whether A New Missouri violated Missouri's Merchandising Practices Act; 2) to see increased transparency in the government; and 3) to determine whether to lodge a complaint against A New Missouri with the Internal Revenue Service. Gross requested that A New Missouri respond within five business days. On June 7, 2018, Gross sent his records request to counsel for A New Missouri and on June 12, 2018, Gross sent the request to Adams, Simpson, and Stuerman. None of the defendants responded to Gross's requests.[4]

On June 22, 2018, Gross initiated this action by filing a petition with the trial court. The following day, he filed an Amended Petition which corrected typographical errors, but otherwise remained substantively consistent with the original petition. In the Amended Petition, Gross alleged that he "is a Missourian and is therefore a beneficiary of Defendant A New Missouri, Inc. according to RSMo. § 355.826.6."[5] Gross asserted that as a beneficiary, he "is entitled to inspect and copy Defendant A New Missouri, Inc.'s records" and that A New Missouri violated "Missouri nonprofit records law" by failing to permit him to do so. Gross sought an order compelling A New Missouri to produce the requested records.

---

[4] Defendants do not dispute that they received Gross's records requests.

[5] Section 355.826.6 provides that, "[w]hen a corporation has no members and makes provision for a self-perpetuating board of directors, any recipient or beneficiary of the services or activities of such corporation may inspect and copy the books and records of such corporation under the same conditions and rights as provided for a member."

3

Defendants filed a motion to dismiss and suggestions in support, asserting that Gross failed to sufficiently plead he was entitled to access the records of A New Missouri. Specifically, Defendants argued that Gross failed to allege A New Missouri made provision for a self-perpetuating board of directors—a condition precedent to any records request under section 355.826.6—and that he failed to plead facts establishing he was a "beneficiary of the services or activities" of A New Missouri—also a prerequisite under section 355.826.6 to have standing to inspect the corporation's records.[6] Defendants also argued that the individual defendants must be dismissed because Chapter 355 does not authorize suits seeking disclosure of corporate records to be brought against individuals.

After hearing argument on the motion, the trial court issued its judgment dismissing Gross's Amended Petition with prejudice. The trial court found that, in order to show he was entitled to review records under section 355.826.6, Gross had to establish that A New Missouri "made provisions for a self-perpetuating board of directors (a fact which he has not pleaded) and that he is either a recipient or beneficiary of the services or activities of a New Missouri, Inc. (facts which he has not pleaded—he only pleaded that he was a Missourian and the conclusion that he was a recipient or beneficiary)." The trial court further found that Gross failed to state a cause of action against the individual defendants, as there was "no statutory basis for a suit against any

---

[6] Defendants attached exhibits to their motion to dismiss in support of their argument that, as a matter of law, A New Missouri cannot and does not have individual beneficiaries. Specifically, Defendants attached an affidavit of Adams averring A New Missouri operates under § 501(c)(4) of the Internal Revenue Code, as well as two Internal Revenue Service rulings. In response, Gross requested the trial court convert Defendants' motion to dismiss into one for summary judgment. The trial court denied the request, finding that "the matter [was] resolvable on the pleadings" and declining "to consider matters outside of the pleadings." Gross has not appealed that ruling.

individual."[7] The trial court "note[d] that this [was Gross's] second attempt at pleading" and declined to grant Gross leave to amend.[8] This appeal followed.

**Point I**

In Point I, Gross asserts that the trial court erred in dismissing his Amended Petition, arguing that section 355.826.6 granted him "standing to request records from Defendants."

*Standard of Review*

"When reviewing the trial court's granting of a motion to dismiss, we engage in an essentially de novo review of an issue of law." *Hardt v. Vitae Found., Inc.*, 302 S.W.3d 133, 137 (Mo. App. W.D. 2009) (internal marks omitted). We assume all facts alleged in the petition are true "and construe the allegations favorably to the plaintiff." *Long v. Cross Reporting Serv., Inc.*, 103 S.W.3d 249, 252 (Mo. App. W.D. 2003).

To sufficiently state a claim, the plaintiff must plead ultimate facts demonstrating his entitlement to relief, and may not rely on mere conclusions. *Brock v. Blackwood*, 143 S.W.3d 47, 56 (Mo. App. W.D. 2004). Further, "it is not enough that the plaintiff alleges a cause of action existing in favor of someone; he must show that it exists in favor of himself, and that it accrued to him in the capacity in which he sues." *Hardt*, 302 S.W.3d at 137.

*Discussion*

Under Chapter 355, a Missouri nonprofit corporation is required to maintain certain corporate records. *See* § 355.821. Section 355.826 creates a right for a limited set of individuals to review those records. Under 355.826.1, "a member, or resident of a class of residents who have paid into the corporation for services or other charges over fifty percent of the corporation's

---

[7] Gross has not appealed the trial court's determination regarding the individual defendants.

[8] As discussed more fully in our analysis of Point II, Gross had not requested leave to amend.

operating expenses, is entitled to inspect and copy" the corporation's records. Gross has not alleged he is entitled to review records under this subsection; rather, he seeks access to records under subsection 6, which provides that, "[w]hen a corporation has no members and makes provision for a self-perpetuating board of directors, any recipient or beneficiary of the services or activities of such corporation may inspect and copy the books and records of such corporation under the same conditions and rights as provided for a member." *See* § 355.826.6.[9]

The trial court determined that Gross's Amended Petition suffered two pleading deficiencies warranting dismissal of his claim: a failure to allege that A New Missouri made provision for a self-perpetuating board of directors and a failure to plead facts establishing he was a beneficiary of the services or activities of A New Missouri. We agree.

First, the Amended Petition is barren of any factual allegation that A New Missouri "ma[de] provision for a self-perpetuating board of directors," a condition precedent expressly required of an individual seeking access to records under section 355.826.6.

More problematic, however, is Gross's insufficient effort to plead that he is a "beneficiary" of A New Missouri.[10] The plain language of section 355.826.6 requires that the individual seeking records be a "beneficiary *of the services or activities of [the] corporation.*" Gross did not plead a single service or activity of A New Missouri of which he is a beneficiary. Instead, relying on A New Missouri's corporate purpose to "conduct[] activities . . . for all Missourians," Gross makes the conclusory assertion that he is a "beneficiary" entitled to inspect the corporation's records founded solely on his status as a Missouri resident. Thus, under Gross's view of section 355.826.6,

---

[9] Individuals entitled to review corporate records may bring an action in circuit court if the corporation refuses their records request. *See* § 355.836.1, .2.

[10] Gross has not claimed to be a "recipient" under section 355.826.6, therefore the only issue before us is whether Gross sufficiently pleaded his status as a "beneficiary."

6

*every* Missourian—based exclusively on their state of residence—would be cloaked with all statutory prerogative necessary to compel A New Missouri to produce records for inspection and copying. This simplistic and virtually unbounded notion of a "beneficiary" ignores that the general assembly, in enacting section 355.826.6, did not grant a right to access a corporation's records to any individual that might satisfy some abstract or generic definition of "beneficiary" but rather specifically *limited* its scope to encompass only those parties that benefit from "the services or activities of the corporation." A careful examination of Gross's Amended Petition reveals an absence of pled allegations addressing, let alone satisfying, this statutory requirement.

Because Gross did not plead facts sufficient to establish that he is a beneficiary of a specific service or activity performed by A New Missouri, he has failed to state a claim upon which relief can be granted.[11] Point I is denied.

## Point II

In Point II, Gross argues that the trial court erred in dismissing his case without providing him "the opportunity to amend his Petition to correct any issues with the pleadings."

*Standard of Review*

On sustaining a motion to dismiss a claim, the trial court "shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed." Rule 67.06. Nonetheless, a party "does not have an absolute right to file an amended petition."

---

[11] A New Missouri encourages this Court to find a more expansive basis for affirming the trial court's judgment, arguing that Gross is not entitled to review its records under section 355.826.6 because, as a matter of law, A New Missouri "cannot have individual beneficiaries." A New Missouri asserts that, as a § 501(c)(4) corporation under the Internal Revenue Code, it operates exclusively for the promotion of the common good and general welfare of the people in the community, and "[n]othing it does inures to the benefit of any one person." In a footnote to the judgment, the trial court noted that, "[b]y its very nature, [a 501(c)(4)] entity does not benefit particular individuals." We affirm the trial court's judgment on the narrow ground that Gross failed to sufficiently plead the elements required under the plain language of section 355.826.6. We express no opinion as to relevance of an entity's status under 501(c)(4) in interpreting section 355.826.6 except to make clear that entities formed under chapter 355, RSMo, are subject to and must comply with the laws passed by the Missouri General Assembly, including those that grant individuals authority to inspect the records of such entities.

*Doran v. Chand*, 284 S.W.3d 659, 666 (Mo. App. W.D. 2009). "The denial of leave to amend is within the discretion of the trial court and presumed correct." *Id.* "The burden is on the proponent to demonstrate that the trial court clearly and palpably abused its discretion." *Id.* (internal marks omitted).

*Discussion*

We find the trial court did not abuse its discretion in denying Gross the opportunity to file a Second Amended Petition. A trial court "is under no duty, sua sponte, to grant a party leave to amend." *Meikle v. Van Biber*, 745 S.W.2d 714, 718 (Mo. App. W.D. 1987). Although Rule 67.06 requires courts freely grant leave to amend, it is presumed under the Rule that the plaintiff *requests* such leave. *Jordan v. City of Kan. City*, 972 S.W.2d 319, 323 (Mo. App. W.D. 1998); *see also Schauer v. Gundaker Movits Real Estate Co.*, 813 S.W.2d 112, 116 (Mo. App. E.D. 1991) (where a plaintiff desires to file an amended petition, it is up to him to request leave to do so). In this case, Gross did not request leave to amend in his response to Defendants' motion to dismiss, orally at the hearing on the motion to dismiss, or through a motion for reconsideration of the trial court's judgment. As such, the trial court did not abuse its discretion by failing to *sua sponte* grant Gross leave to amend. *See Meikle*, 745 S.W.2d at 717-18 (trial court did not err in dismissing petition with prejudice where the record showed no request by the plaintiff "for leave to file an amended petition, either prior or subsequent to the entry sustaining respondents' motion to dismiss.").

Additionally, Gross has failed to identify any new claims or factual allegations he would present if permitted to file a Second Amended Petition. In fact, Gross has never explained—either to the trial court or in his briefing to this Court—how he would cure his pleading deficiencies if given the opportunity to amend.[12] For this reason, too, the trial court did not abuse its discretion in

---

[12] In his brief on appeal, Gross merely states that "an amendment could cure any defects noted by the Court," without further elaboration.

8

dismissing Gross's Amended Petition with prejudice without leave to amend. *See Miles ex rel. Miles v. Rich*, 347 S.W.3d 477, 486 (Mo. App. E.D. 2011) (the trial court did not abuse its discretion in dismissing third-party petition with prejudice and without leave to amend where the third-party plaintiff did not identify any new allegations she could make in an amended petition that would cure the failure of her original petition); *Doran*, 284 S.W.3d at 666 (the trial court did not abuse its discretion in denying plaintiffs leave to amend where the plaintiffs did not describe to the trial court—or this Court on appeal—what new allegations they wished to present to cure the inadequacy of their original petition). Point II is denied.

## Conclusion

We affirm the trial court's judgment granting Defendants' motion to dismiss and dismissing this action with prejudice.[13]

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[13] Also before this Court is Defendants' Motion to Strike Appellant's Reply Brief and Demonstrative Exhibits. In reaching our decision, we have not considered the information Defendants seek to have struck from Appellant's reply brief. In light of our affirmance of the trial court's judgment, we deny the motion as moot.