

# In the Missouri Court of Appeals
# Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| ROBERT HORTON, | ) | No. ED112312 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 2322-CC00580 |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Respondent. | ) | Filed: October 22, 2024 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Lorne J. Baker, Sp. J.

Robert Horton (Horton) appeals the trial court's December 14, 2023 judgment (December judgment) denying his motion to vacate and for leave to amend an October 4, 2023 order (October order) dismissing his petition against St. Louis Public Schools' (SLPS)[1] alleging, among other claims, discrimination in violation of the Missouri Human Rights Act (MHRA). We affirm.

### Background

Horton, an African-American male over the age of forty, was the procurement director at an SLPS school. He was terminated in May 2022. In March 2023, Horton filed a petition against SLPS alleging race and age discrimination, in violation of the MHRA.[2] In April 2023, SLPS filed a motion to dismiss arguing Horton's petition failed to state a claim in each count.

---

[1] In its brief, the Board of Education of the City of St. Louis states it was incorrectly identified in the petition as St. Louis Public Schools. For consistency, we refer to respondent as SLPS throughout.
[2] Horton also asserted claims of retaliation and negligent infliction of emotional distress; however, he does not appeal the dismissal of those counts.

On October 4, 2023, the trial court issued an order granting SLPS's motion and dismissing Horton's petition without prejudice. On November 1, 2023, Horton filed a motion to vacate the order dismissing his petition and for leave to amend, which was denied on December 14, 2023.

This appeal follows. On March 6, 2024, our court issued an order to show cause to address a preliminary question whether the December judgment was final and appealable because it was without prejudice and allowed Horton to refile his suit. Horton answered the order to show cause stating the Missouri Savings Statute, Section 516.230 RSMo (2016),[3] does not apply because the MHRA has its own statute of limitations, which required Horton to file his civil action within ninety days after the Missouri Commission on Human Rights (Commission) issued his right to sue letter on February 7, 2023. Section 213.111.1. As a result, the December judgment time barred his suit and effectively rendered the dismissal as one with prejudice. *See Hutcheson v. Elec. Data Access Techs., Inc.*, 327 S.W.3d 622, 625 (Mo. App. E.D. 2010).

### Discussion

Horton asserts two points on appeal.[4] In point one, he claims the trial court erred in dismissing his claims of race and age discrimination under Rule 55.22(a)[5] because it does not apply to a charge of discrimination. In his second point, Horton argues the trial court erred in denying him leave to amend his petition because the dismissal without prejudice in this case was effectively one with prejudice due to the MHRA statute of limitations.[6]

---

[3] All further statutory references are to RSMo (2016).
[4] The legal arguments and analysis are identical to those presented in *Deloatch v. St. Louis Public Schools*, ED112318, and we recite portions of that case herein without further attribution.
[5] All references to Rules are to Missouri Supreme Court Rules (2023).
[6] SLPS argues this appeal should be dismissed for failure to comply with Rule 81.12. This rule requires the record on appeal to be filed by appellant and arranged chronologically with the oldest document first. Here, the legal file was filed in three separate entries and the documents are not in chronological order. We do not find Horton's failure to comply with Rule 81.12 so deficient as to preclude meaningful review of the issues presented. *See Williams v. Williams*, 669 S.W.3d 161, 164 (Mo. App. E.D. 2023). Thus, we do not dismiss this appeal.

**Point I**

In point one, Horton argues the trial court erred in dismissing his claims for race and age discrimination on the basis of Rule 55.22(a). He contends the rule applies only to claims founded upon a written instrument, and he should not have been required to attach the initial charge of discrimination he filed with the Commission to his petition. According to Horton, the charge of discrimination is not a Rule 55.22(a) "written instrument" because it does not define rights, duties, entitlements, or liabilities.

*Standard of Review*

Horton sought relief from the October order by filing a motion to vacate and for leave to amend his petition, the denial of which is the subject of this appeal. He did not cite Rule 75.01 in his motion which permits the trial court to vacate a judgment for "good cause" within thirty days after its entry following an opportunity for the parties to be heard. The decision to do so is within the sound discretion of the trial court, and we will not disturb that ruling absent an abuse of discretion. *Cent. Am. Health Sciences Univ., Belize Med. College v. Norouzian*, 236 S.W.3d 69, 75 (Mo. App. W.D. 2007) (citing *Brueggemann v. Elbert*, 948 S.W.2d 212, 214 (Mo. App. E.D. 1997)). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances *then before the court* and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id*. (emphasis added) (internal quotation omitted).

*Analysis*

It is a well-recognized legal principle that a party cannot raise a claim of error on appeal that was not brought to the attention of the trial court. *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (internal quotation omitted). A party is bound by the position it took before the trial court and will not be heard on a different theory on appeal.

3

*Loutzenhiser v. Best*, 565 S.W.3d 723, 730 (Mo. App. W.D. 2018) (quoting *Barner v. Mo. Gaming Comm'n*, 48 S.W.3d 46, 50 (Mo. App. W.D. 2011)). On appeal, Horton argues the trial court erroneously relied on Rule 55.22(a)[7] in granting SLPS's motion to dismiss his race and age discrimination claims because the charge of discrimination filed with the Commission was not required to be attached to his petition.

However, the issue of whether the charge of discrimination constitutes a "written instrument" pursuant to Rule 55.22(a) is not for us to decide today because the trial court's October order is not on appeal here. Instead, we review the trial court's decision to deny Horton's motion to vacate and for leave to amend, and there is nothing in the record before us to indicate this issue was ever raised as a substantive argument to the trial court as a basis to vacate the October order dismissing Horton's age and race discrimination claims.

First, SLPS did not allege the charge of discrimination was required to be either pleaded verbatim or attached to the petition because it constituted a "written instrument" pursuant to Rule 55.22(a). The motion to dismiss merely asserts the charge of discrimination was required to be attached, without citation to any authority for that proposition. Similarly, Horton's response to the motion to dismiss lacked any substantive argument and did not cite any authority for his contention that the charge of discrimination was not required. In fact, the trial court's analysis first raised the specter of Rule 55.22(a) in the court's October order.

Horton had the opportunity to bring the issue on appeal to the trial court's attention when he filed a motion to vacate but he did not do so. Instead, the motion consisted of only four single-sentence numbered paragraphs outlining the procedural history of the case. The motion presented no argument regarding whether the trial court properly found the charge of

_____

[7] Rule 55.22(a) requires that, "[w]hen a claim or defense is founded upon a written instrument, the same shall be recited verbatim in the pleading, or a copy shall be attached to the pleading as an exhibit."

4

discrimination to be a "written instrument" as he now asserts on appeal. The record indicates both the motion to dismiss and Horton's subsequent motion to vacate the dismissal were called and heard by the trial court, but no transcript of any hearing was filed with our court.

We will not convict the trial court of error on an issue that we cannot find was ever presented for it to decide. *Loutzenhiser*, 565 S.W.3d at 730 (internal quotation omitted). There is nothing in the record to support Horton's claim on appeal by showing the trial court was given the opportunity to consider that it erred in determining the charge of discrimination was a "written instrument" under Rule 55.22(a) and as such was required to be pleaded verbatim or attached to the petition. As a result, we cannot reach this issue on appeal in order to decide whether the trial court abused its discretion in denying Horton's motion to vacate the October order. Point one is denied.

## Point II

In his second point on appeal, Horton argues the trial court erred in denying his request for leave to amend the petition to attach the charge of discrimination because the dismissal was effectively with prejudice, due to the MHRA statute of limitations.

### *Standard of Review*

The decision whether to allow amendment of a petition is at the discretion of the trial court and is presumed correct. *Doran v. Chand*, 284 S.W.3d 659, 666 (Mo. App. W.D. 2009). We will not reverse this decision absent an "'obvious and palpable abuse of discretion.'" *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 257 (Mo. App. W.D. 2012) (quoting *Kenley v. J.E. Jones Constr. Co.*, 870 S.W.2d 494, 498 (Mo. App. E.D. 1994)). The trial court abuses its discretion if the ruling is so clearly against the logic of the circumstances and so unreasonable and arbitrary that it shocks the sense of justice and indicates lack of careful consideration. *Id.* (internal quotations omitted).

5

*Analysis*

Generally, leave to amend a pleading shall be freely given, and can be granted after a dismissal. Rule 55.33(a); Rule 67.06. However, a party does not have an absolute right to file an amended petition. *Doran*, 284 S.W.3d at 666. The decision to allow a party to do so is within the discretion of the trial court, and in determining whether to grant leave to amend, the trial court considers four factors: (1) the hardship to the moving party if leave to amend is denied; (2) the reasons the moving party omitted matters from the original pleading; (3) the timeliness of the request; and (4) any injustice that may result to the opposing party if leave is granted. *Id.* (quoting *Moynihan v. City of Manchester*, 203 S.W.3d 774, 776 (Mo. App. E.D. 2006)).

The trial court recited these factors in its December judgment denying leave to amend and found the factors weighed in favor of denying the motion. We recognize the hardship to Horton because he is precluded from refiling his MHRA claims, but similar to his claim in point one, he did not raise this issue in his motion for leave, nor do we have a transcript in the record showing he argued it to the trial court. In fact, the record supports the issue was first raised by this court in our endeavor to ascertain whether the December judgment was final for appellate purposes. Thus, we cannot say this constitutes an abuse of discretion.

As to the timeliness factor, Horton relies on *Costa v. Allen*, 274 S.W.3d 461 (Mo. banc 2008), to support his argument that the trial court abused its discretion in denying him leave to amend the petition. In *Costa*, the Court determined the trial court abused its discretion in denying the motion for leave to amend of a *pro se* plaintiff in prison. *Id.* at 464. However, in *Costa*, the plaintiff's case was less than seven weeks old, and the plaintiff was incarcerated with no meaningful opportunity to respond to the motion to dismiss which was filed and granted within two days. *Id.*

Here, this case was filed almost seven months prior to the trial court's dismissal. SLPS filed its motion to dismiss in April 2023, and the trial court did not grant the motion until October 2023, more than three months after the motion was heard. Unlike the plaintiff in *Costa*, Horton had plenty of notice and opportunity to respond to the motion to dismiss and to accordingly amend his petition for almost six months prior to the trial court's order granting SLPS's motion to dismiss. It was only after the trial court granted the motion to dismiss that Horton sought leave to amend.

Moreover, Horton failed to provide any explanation for his failure to include the charge of discrimination. Even absent a showing of hardship to SLPS other than the expense of reinstituting its defense of the claims, Horton's failure to properly plead the factors of hardship to him, timeliness, and an explanation as to why Horton did not cure his alleged omission strongly weigh in favor of denying leave to amend.

We find the trial court did not abuse its discretion in denying Horton leave to amend his petition. Point two is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Lorne J. Baker, Sp. J., concur.

7